UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| VENUS A. BOYD, Guardian of D.P., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 3:08-CV-7 JVB |
| ) | |
| SOUTH BEND COMMUNITY SCHOOL ) | |
| CORPORATION BOARD OF EDUCATION, ) | |
| *et al.*, ) | |
| ) | |
| Defendants. | |

## OPINION AND ORDER

This matter is before the Court on Defendants South Bend Community School Corporation Board of Education; Dr. Robert Zimmerman, Superintendent; and Elaine Keller, Second Grade Teacher's (collectively "Defendants") Motion to Dismiss Plaintiff Venus A. Boyd, Guardian of D.P.'s *pro se* Complaint [DE 12]. For the reasons set forth below, the Court **GRANTS** Defendants' Motion to Dismiss.

## BACKGROUND

On January 3, 2008, Plaintiff filed her *pro se* Complaint in this matter. On April 9, 2008, Defendants filed the subject Motion to Dismiss Plaintiff's Complaint [DE 12]. Next, on September 29, 2008, Defendants filed a request for a summary ruling on the pending Motion to Dismiss because Plaintiff had not responded to the motion [DE 14]. On October 8, 2008, the Court, mindful of Plaintiff's *pro se* status, extended the time for Plaintiff to respond to Defendants' Motion to Dismiss until October 24, 2008 [DE 15]. On January 22, 2009, Defendants once again filed a motion for summary dismissal of Plaintiff's Complaint on the basis of her failure to respond to Defendants' Motion to Dismiss [DE 17]. To date, however,

Plaintiff has not responded to Defendants' Motion to Dismiss.[1]

Plaintiff is the mother of D.P., a grade school student at the South Bend Community School Corporation. Plaintiff claims that on November 7, 2007, while D.P., who was in second grade at the time, was at lunch, another child, Romero, kicked him and D.P. then kicked the other child in self defense. (Aff'd of Venus Boyd ¶¶ 2–3.) Plaintiff contends that during this altercation, Defendant Elaine Keller, a second grade teacher at Madison Elementary School where D.P. attended "kicked and slammed [D.P.] to the floor, knocking him into his desk, spilling his milk, and causing his lunch to drop to the floor which he was holding in his hand at the time." (*Id.* ¶ 4.) Plaintiff further alleges that D.P. experienced "contusions on his upper spine." (Compl. at 2.)

Plaintiff filed this lawsuit against Defendants alleging violations of her child's rights under the Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

**LEGAL STANDARD**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim is to test the sufficiency of the pleading, not to decide the merits of the case. *See Gibson v. Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a motion to dismiss a counterclaim, a court must accept as true all the well-pleaded material facts and must draw all reasonable inferences from those facts in the light most favorable to the pleader. *Perkins v. Silverstein*, 939 F.2d 463,

---

[1] Although Plaintiff was entitled to submit a response to Defendants' Motion to Dismiss, "it was also appropriate for h[er] to rely on h[er] pleadings." *Curtis v. Bembenek*, 48 F.3d 281, 287 (7th Cir. 1995). Thus, a pro se plaintiff "can simply rest on the assumed truthfulness and liberal construction afforded his complaint. Unlike the summary judgment context, the nonmovant's lack of response to a motion to dismiss constitutes no admission of the proponent's factual assertions." *Id.* Accordingly, "[i]t is not reversible error to fail to give [notice of the possible consequences of a failure to respond]." *Id.* at n. 8. Furthermore, "[t]his is consistent with the standard for a Rule 12(b)(6) motion to dismiss for failure to state a claim as set by *Haines*, 404 U.S. at 520–21, 92 S.Ct. at 595–96." *Ross v. Franzen*, 777 F.2d 1216, 1219 (7th Cir. 1985).

466 (7th Cir. 1991).

In *Bell Atlantic Corp. v. Twombly*,127 S.Ct. 1955 (2007), the Supreme Court "retooled federal pleading standards, retiring the oft-quoted [*Conley v. Gibson*, 355 U.S. 42, 47 (1957)] formulation that a pleading 'should not be dismissed for failure to state a claim unless it appears beyond doubt that the [pleader] can prove no set of facts in support of his claim which would entitle him to relief.'" *Killingsworth v HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007). The factual allegations of the pleading must be enough to raise a right to relief above the speculative level; the pleading must contain enough facts to state a claim to relief that is plausible on its face. *Id*. The Court of Appeals for the Seventh Circuit, reading *Bell Atlantic* and *Erickson v. Pardus*,127 S.Ct. 2197 (2007)[2] together, has said "we understand the Court to be saying only that at some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." *Airborne Beepers & Video, Inc. v. AT &T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).

Because Plaintiff is proceeding *pro se*, his pleadings are held to a less stringent standard than those of a represented party. *Alvarado v. Litscher,* 267 F.3d 648, 651 (7th Cir. 2001) (citing *Haines v. Kerner,* 404 U.S. 519, 520 (1972)) (per curiam). Thus, courts liberally construe *pro se* complaints. *Id*. (citation omitted); *see also Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996) ("It is, by now, axiomatic that district courts have a special responsibility to construe *pro se* complaints liberally"). However, "[a]lthough civil litigants who represent themselves . . . benefit from various procedural protections not otherwise afforded to the

---

[2]*Erickson* was decided two weeks after *Bell Atlantic*.

3

attorney-represented litigant . . . pro se litigants are not entitled to a general dispensation from the rules of procedure." *Downs v. Westphal*, 78 F.3d 1252, 1257 (7th Cir. 1996) (citation omitted).

## DISCUSSION

**A.     Eighth Amendment**

Plaintiff contends that the Defendants' actions violated her child's rights under the Eighth Amendment "to be free from cruel and unusual punishment." (Complt. at 2.) However, Plaintiff's allegation fails to state a claim for relief because the Eighth Amendment is triggered only after a finding of criminal guilt. *Anderson v. Gutschenritter*, 836 F.2d 346, 348–49 (7th Cir. 1988) (citing *Ingraham v. Wright*, 430 U.S. 651, 671–72 (1977)). Thus, "[o]nly after conviction may the state punish a criminal defendant, and it is then that the Eighth Amendment's prohibition against cruel and unusual punishment applies." *Hines v. Sheahan*, 845 F.Supp.1265, 1267 (N.D. Ill. 1994) (citations omitted). Under the facts alleged here, no criminal conviction is involved. Therefore, no Eighth Amendment issue is present and Defendants are entitled to dismissal of this claim.

**B.     Fifth and Fourteenth Amendments**

Plaintiff contends that the Defendants' actions violated her child's rights under the Fifth and Fourteenth Amendments because the "school did not follow practice and policy." (Compl. at 2, Aff'd of Venus Boyd at 2–3.)  First, the Due Process Clause of the Fifth Amendment, which is applicable to the states and local governments by virtue of the Fourteenth Amendment, is not

4

implicated by the facts alleged by Plaintiff.

Regarding Plaintiff's Fourteenth Amendment claim, she may be contending that the Defendants' actions violated the Constitution simply because those actions also violated state law. However, the U.S. Constitution is not implicated if a governmental actor violates a state law. Therefore, because no Fifth and Fourteenth Amendment issues are present, the Defendants are entitled to dismissal of these claims.

In sum, dismissal of Plaintiff's Complaint is warranted here because Plaintiff has failed to set forth claims demonstrating that she is entitled to relief. *See* Fed. R. Civ. P. 12(b)(6).

## CONCLUSION

Based on the foregoing, Defendants' Motion to Dismiss Plaintiff's Complaint [DE 12] is **GRANTED**. Accordingly, Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE** and Plaintiff is given leave to amend her Complaint by April 30, 2009. If an Amended Complaint is not filed by this date, this case shall be **DISMISSED WITH PREJUDICE** and without further notice.

The Clerk is directed to terminate DE 17.

SO ORDERED on March 31, 2009.

    s/Joseph S. Van Bokkelen
    JOSEPH S. VAN BOKKELEN
    UNITED STATES DISTRICT JUDGE
    HAMMOND DIVISION